# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LUIS DURAN,

        Plaintiff,

      v.

GAIL LEWIS, et al.,

        Defendants.

Case No.  1:16-cv-00468-AWI-SAB-PC

FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND THAT THIS DISMISSAL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)

THIRTY-DAY DEADLINE

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's July 25, 2016, first amended complaint (ECF No. 14), filed in response to the June 23, 2016, order dismissing the original complaint with leave to amend (ECF No. 11.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

1    that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
2    1915(e)(2)(B).

3        A complaint must contain "a short and plain statement of the claim showing that the
4    pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
5    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6    conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell
7    Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate
8    that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.
9    Williams, 297 F.3d 930, 934 (9th Cir.2002).

10       Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
11   liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
12   1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be
13   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
14   that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss
15   v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant
16   has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
17   liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572
18   F.3d at 969.

19                                              **II.**

20                                **COMPLAINT ALLEGATIONS**

21       Plaintiff, an inmate in the custody of the California Department of Corrections and
22   Rehabilitation (CDCR) at Folsom State Prison, brings this civil rights action against the
23   following individual defendants employed by the CDCR at Pleasant Valley State Prison, where
24   the conduct at issue occurred: Warden Gail Lewis; former Warden J. Yates; L. Loo, M.D.;
25   former CDCR Secretary Cate; J. Schneider; D. Pappagianis; B. Leistikow; J. M. Boetani;
26   Associate CDCR Director of Adult Institutions T. Schwartz.

27       Plaintiff alleges that while he was housed at Pleasant Valley State Prison from 2004 to
28   2014, he was exposed to the risk of Valley Fever Spores, and Defendants never advised him of

                                               2

the risk he was exposed to.  Plaintiff alleges that while he was housed at Pleasant Valley, the CDCR was constructing the nearby Coalinga State Hospital, which involved the use of heavy equipment, an activity that resulted in large amounts of dust being dispersed.  Plaintiff alleges that, as a Hispanic, he was at greater risk than the general population of contracting Valley Fever.  Plaintiff's sole claim is that Defendants knew of and disregarded a serious risk to his health in violation of the Eighth Amendment.  Plaintiff alleges that during the construction of Pleasant Valley State Prison, Defendants were made aware of the risk of Valley Fever spores, and were aware of the risk to Plaintiff during Plaintiff's incarceration at Pleasant Valley State Prison.

## III.

## DISCUSSION

### A.   Eighth Amendment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051. 1057 (9th Cir. 2004)(quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002)(citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Courts have yet to find that exposure to Valley Fever spores presents an excessive risk to inmate health.

1.   Conditions of Confinement

Plaintiff alleges that the defendants were aware that he was at a risk of contracting Valley Fever due to his race and housed him at Pleasant Valley where he contracted the disease.  The courts of this district have found that allegations such as those presented by Plaintiff are insufficient.

"[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the

mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health." King v. Avenal State Prison, 2009 WL 546212, 4 (E.D. Cal. Mar. 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, 3 (E.D. Cal. Jan. 26, 2009)("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to come forward with evidence that [the Warden] is responsible for the conditions of which Plaintiff complains.")  More recently, in addressing a claim that CDCR officials are responsible for the contraction of Valley Fever by knowingly housing an African American inmate with a history of asthma in an endemic area, it has been held that "unless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk that society would not tolerate." Hines v. Youssef, 2015 WL 164215, *5 (E.D. Cal. Jan. 13, 2015). Plaintiff cannot state a claim for relief based on mere exposure to Valley Fever.

## 2.   Medical Care

To the extent that Plaintiff is attempting to allege that he was not provided appropriate medical care and treatment, he is advised that where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).   Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991).  A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference.  Farmer, 511 U.S. at 834.  "[T]he officials' conduct must constitute 'unnecessary and wanton infliction of pain' before it violates the Eighth Amendment." Hallett v. Morgan, 296 F.3d 732, 745

(2002)(quoting <u>Estelle</u>, 429 U.S. at 104).  Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or  'medical malpractice' will not support this cause of action."  <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980)(citing <u>Estelle</u>, 429 U.S. at 105-106).  <u>See also</u> <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interest or safety."  <u>Farmer</u>, 511 U.S. at 835.

In order to state any claim for relief due to deliberate indifference, Plaintiff must allege facts indicating that each individual Defendant was personally aware of a serious risk to his health or safety and acted with deliberate indifference to that risk.  Plaintiff has failed to do so here.  An allegation that Plaintiff suffers from serious medical conditions, of itself, fails to state a claim for relief.

Further, any allegations of inadequate medical care at Pleasant Valley would have occurred no later than 2004.   Plaintiff is advised that a claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint."  <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.2d 954, 969 (9th Cir. 2010) (quoting <u>Hyunh v. Chase Manhattan Bank</u>, 465 F.3d 992, 1003-04 (9th Cir. 2006), cert. denied, 131 S.Ct. 3055 (2011).  "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."  <u>Von Saher</u>, 592 F.3d at 969 (quoting <u>Supermail Cargo, Inc. v. U.S.</u>, 68 F.3d 1204, 1206 (9th Cir. 1995)).

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." <u>Douglas v. Noelle</u>, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); <u>Maldonado v. Harris</u>, 370 F.3d 945, 955 (9th Cir. 2004); <u>Fink v. Shedler</u>, 192 F.3d 911, 914 (9th Cir. 1999).  Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions.  <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th

1   Cir. 2004); <u>Maldonado</u>, 370 F.3d at 954; <u>Fink</u>, 192 F.3d at 914.   California's statute of
2   limitations for personal injury actions was extended to two years effective January 1, 2003.  Cal.
3   Civ. Proc. Code § 335.1; <u>Jones</u>, 393 F.3d at 927; <u>Maldonado</u>, 370 F.3d at 954-55.

4           In actions where the federal court borrows the state statute of limitations, courts should
5   also borrow all applicable provisions for tolling the limitations found in state law.  <u>Jones</u>, 393
6   F.3d at 927.  Under California law, prisoners who at the time the cause of action accrued were
7   either imprisoned on a criminal charge or serving a sentence of less than life for a criminal
8   conviction benefit from a two-year tolling provision for damages actions.  Cal. Civ. Proc. Code §
9   352.1.

10          Here, any claim brought by Plaintiff that Defendants were deliberately indifferent to his
11  serious medical needs while he was housed at Pleasant Valley State Prison should have been
12  brought no later than 2008.  The complaint on which this action proceeds was filed on February
13  12, 2016. (ECF No. 1.)   Any claim regarding deliberate indifference to Plaintiff's serious
14  medical needs appear to be time-barred.

15          3.      Liability of Supervisory Defendants

16          Regarding the supervisory Defendants named in this action, Plaintiff is advised that
17  government officials may not be held liable for the actions of their subordinates under a theory of
18  respondeat superior.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 673 (2009).  Since a government official
19  cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must
20  plead that the official has violated the Constitution through his own individual actions.  <u>Id</u>. at
21  673.  In other words, to state claim for relief under section 1983, Plaintiff must allege facts
22  indicating that each of the named individual Defendants was aware of an objectively serious risk
23  or medical condition and acted with deliberate indifference to that risk or condition.  Plaintiff has
24  failed to do so here.  The complaint must therefore be dismissed.

25                                          **IV.**

26                              **CONCLUSION AND ORDER**

27          Plaintiff was previously notified of the applicable legal standard and the deficiencies in
28  his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely

1   identical to the original complaint.  Based upon the allegations in Plaintiff's original and first

2   amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts

3   that would support a claim for an Eighth Amendment claim based on exposure to Valley Fever

4   spores, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130

5   (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")

6   Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not

7   warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d

8   1446-1449 (9th Cir. 1987).

9           Accordingly, IT IS HEREBY RECOMMENDED that:

10      1.  This action be dismissed for failure to state a claim upon which relief could be

11              granted; and

12      2.  This action count as a strike pursuant to 28 U.S.C. § 1915(g).

13          These findings and recommendations will be submitted to the United States District

14   Judge assigned to the case, pursuant to the provision of  28 U.S.C. §636 (b)(1)(B).  Within **thirty**

15   **(30)** days after being served with these Finding and Recommendations, the parties may file

16   written objections with the Court.  The document should be captioned "Objections to Findings

17   and Recommendations."   The parties are advised that failure to file objections within the

18   specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.2d F.3d

19   834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

20

21   IT IS SO ORDERED.

22   Dated:   __September 19, 2016__

    _____
     UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28