# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DURAN,<br><br>        Plaintiff,<br><br>    v.<br><br>GAIL LEWIS, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00468-AWI-SAB (PC)<br><br>ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 19) |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion for reconsideration, filed July 24, 2017. (Doc. No. 19.)

Plaintiff alleged in this action that prison officials at Pleasant Valley State Prison, where he was housed from 2004 to 2014, were liable for violating his constitutional rights based on his exposure to Valley Fever.

On September 19, 2016, the assigned Magistrate Judge issued Findings and Recommendations ("F&R") recommending that this matter be dismissed for the failure to state a claim upon which relief may be granted. (Doc. No. 15.)

On October 5, 2016, Plaintiff filed objections to the F&R. (Doc. No. 16.)

On June 28, 2017, the Court issued an order adopting the F&R over Plaintiff's objections, and dismissing this case for the failure to state a claim. (Doc. No. 17.) The Court found that Plaintiff's objections merely re-alleged the allegations which had been previously pled, and showed no error by the Magistrate Judge. (Id. at 2.) A judgment was entered on the same day. (Doc. No. 18.)

1

1    On July 24, 2017, Plaintiff filed this motion, which he brings pursuant to Federal Rule of

2   Civil Procedure 60(b), and in which he argues that the Court erred in dismissing his case.[1]

3       **Legal Standards**

4       Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

5   district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment

6   for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

7   discovered evidence . . . ; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the

8   judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the

9   judgment." Fed. R. Civ. P. 60(b). A "mistake" under Rule 60(b)(1) may include factual or legal

10   errors committed by the court. See Yniques v. Cabral, 985 F.2d 1031, 1034 (9th Cir. 1993).

11       Additionally, when filing a motion for reconsideration, Local Rule 230 in part requires a

12   party to show the "new or different facts or circumstances claimed to exist which did not exist or

13   were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule

14   230(j). "A party seeking reconsideration must show more than a disagreement with the Court's

15   decision, and recapitulation of the cases and arguments considered by the court before rendering

16   its original decision fails to carry the moving party's burden." Credit Bureau Connection, Inc. v.

17   Pardini, 726 F.Supp.2d 1107, 1132 (E.D. Cal. 2010). "To succeed, a party must set forth facts or

18   law of a strongly convincing nature to induce the court to reverse its prior decision." Id.

19       **Discussion**

20       Plaintiff asserts in his motion that the Court erred in only considering his allegations

21   concerning exposure to Valley Fever in determining whether he stated a cognizable claim,

22   without also considering his allegations that he contracted the disease. However, the F&R which

23   was adopted noted that Plaintiff alleged that he was both at risk of contracting Valley Fever by

24   being housed at Pleasant Valley State Prison and in fact had contracted the disease. (Doc. No. 15

25   at 3:24-25)   The Court did not make a factual mistake.

---

26   [1] Plaintiff's motion is entitled "Opposition Motion to the Magistrate Judge Order," but based on his arguments and
27   invocation of Rule 60(b), the Court construes it as challenging the final judgment. A motion's "nomenclature is not
controlling." Miller v. Transamerican Press, Inc., 709 F.2d 524, 527 (9th Cir. 1983) (quoting Sea Ranch Ass'n v.
Cal. Coastal Zone Conservation Comm'ns, 537 F.2d 1058, 1061 (9th Cir. 1976)). Instead, courts "construe [the
28   motion], however styled, to be the type proper for the relief requested." Id.

1    Additionally, even assuming that the Court did not consider that Plaintiff contracted

2    Valley Fever or that the Court's analysis was erroneous, the ultimate result would not change.

3    28 U.S.C. § 1915(e) applies to Plaintiff because he is a prisoner who was permitted to proceed *in*

4    *forma pauperis*. See 28 U.S.C. § 1915; Doc. No. 9. Section 1915(e) in part directs that a "court

5    *shall* dismiss the case *at any time* if the court determines that . . . the action . . . seeks monetary

6    relief against a defendant who is *immune* from such relief." 28 U.S.C. § 1915(e)(2)(iii)

7    (emphasis added). The Ninth Circuit has held that, if a defendant is entitled to qualified

8    immunity, and even if the defense has not been raised by the defendant, then dismissal of the

9    complaint through § 1915(e)(2)(iii) is appropriate. See Chavez v. Robinson, 817 F.3d 1162,

10   1167-69 (9th Cir. 2016). However, it must be clear from the complaint that the plaintiff cannot

11   present evidence that overcomes qualified immunity. See id. at 1169.

12   Here, courts within the Eastern District of California have held that wardens and prison

13   officials are entitled to qualified immunity with respect to Eighth Amendment claims regarding

14   exposure to and contraction of Valley Fever. See Williams v. Hill, 2017 U.S. Dist. LEXIS

15   63441, *16-*21 (E.D. Cal. Apr. 26, 2017); Smith v. Schwarzenegger, 137 F.Supp.3d 1233, 1242-

16   52 (E.D. Cal. 2015); Jackson v. Brown, 134 F.Supp.3d 1237, 1239-49 (E.D. Cal. 2015); Hines v.

17   Youseff, 2015 U.S. Dist. LEXIS 65441, *12-*28 (E.D. Cal. May 18, 2015). This is because, as

18   these cases make clear, the law with respect to exposure to and contraction of Valley Fever was

19   unsettled during the time that Plaintiff was housed in Pleasant Valley State Prison between 2004

20   and 2014. See id.; cf. White v. Pauly, 137 S.Ct. 548, 551 (2017) (explaining that "existing

21   precedent must have placed the statutory or constitutional question beyond debate . . . ."); Shafer

22   v. County of Santa Barbara, --- F.3d --- , 2017 U.S. App. LEXIS 16512, *13 (9th Cir. 2017),

23   2017 WL 3707904, *5 (9th Cir. 2017) ("For a right to be clearly established, case law must

24   ordinarily have been earlier developed in such a concrete and factually defined context to make it

25   obvious to all reasonable government actors, in the defendant's place, that what he is doing

26   violates federal law."). A review of Plaintiff's allegations does not demonstrate facts that would

27   somehow undermine the conclusions of *Williams*, *Smith*, *Jackson*, and *Hines*. Therefore, the law

28   was not sufficiently developed between 2004 and 2014 regarding exposure to and contraction of

3

1  Valley Fever for the Defendants in this case to be aware of an Eighth Amendment violation.

2  Dismissal of this case is proper because the Defendants are entitled to qualified immunity.

3      In sum, Plaintiff has not presented a sufficient basis for the Court to reconsider its

4  dismissal of Plaintiff's complaint.

5

6                              **<u>ORDER</u>**

7      For these reasons, Plaintiff's motion for reconsideration, filed on July 24, 2017 (Doc. No.

8  19), is HEREBY DENIED.

9

10 IT IS SO ORDERED.

11 Dated:  __September 18, 2017__        _____
                                        SENIOR  DISTRICT  JUDGE